# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A.** *as servicing agent for The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS Inc., asset-backed certificates, series 2006-19*, | § § § § § § | |
| Plaintiffs, | § § | NO. 1:12-cv-55 |
| v. | § § | |
| **LAWRENCE INGRAM**, | § § | |
| Defendant, | § § | |
| v. | § § | |
| **BUTLER & HOSCH, P.A.** *et al.*, | § § § | |
| Third Party Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On February 2, 2012, this case was referred for all pretrial matters to the Honorable United States Magistrate Judge Zack Hawthorn. Pending are Plaintiff Bank of America N.A.'s (Bank of America), as serving agent for The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS Inc., asset-backed certificates, series 2006-19, (collectively Plaintiffs) "Motion to Remand" (Docket No. 18) and Third Party Defendants Butler & Hosch, P.A. and Beatrice Grevel's "Motion to Remand" (Docket No. 21). The Court has received and considered the report (Docket No. 26) of the magistrate judge, who recommends that the Plaintiffs' "Motion to Remand" (Docket No. 18) should be granted and the Third Party Defendants'

"Motion to Remand" (Docket No. 21) should be granted in part and denied in part. The magistrate judge concluded that this action should be remanded to the Justice of the Peace Court of Precinct 1, Place 1, of Jefferson County, Texas, but attorneys' fees and costs should not be awarded to the Third Party Defendants.

On May 30, 2012, *pro se* Defendant Lawrence Ingram filed a "Petition to Strike Report and Recommendation" (Docket No. 29). The Court construes the pleading as an objection to the magistrate judge's report and recommendation. Neither the Plaintiffs nor the Third Party Defendants filed objections to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those portions of the report to which the party specifically objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "Frivolous, conclusive[,] or general objections need not be considered by the district court." Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

The Defendant does not identify any specific issue of law or fact, among those set forth in the magistrate judge's report and recommendation, with which he disagrees. Therefore, the Defendant's objection fails to invoke the court's authority to review the report and recommendation.

Nonetheless, the Court has undertaken its own review of the record, and the Court concludes that the magistrate judge's analysis is correct. The Defendant's objection is without merit.

It is **ORDERED** that the Defendant's objection (Docket No. 29) is **OVERRULED**, the report and recommendation (Docket No. 26) of the magistrate judge is **ADOPTED**, the Plaintiffs' "Motion to Remand" (Docket No. 18) is **GRANTED**, and the Third Party Defendants' "Motion to

Remand" (Docket No. 21) is **GRANTED in part** and **DENIED in part**. It is **further ORDERED** that this lawsuit is **REMANDED** to the Justice of the Peace Court of Precinct 1, Place 1, of Jefferson County, Texas.

So **ORDERED** and **SIGNED** this **29** day of **June, 2012.**

_____
Ron Clark, United States District Judge